CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 12 2019

JULIA C. DUDLEY, CLERK
BY: /s/ A. Slagle
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA,
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 7:10CR00002 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| DARNELL PALMER, | ) |
| | ) By: Hon. Glen E. Conrad |
| Defendant. | ) Senior United States District Judge |

Defendant Darnell Palmer has filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. For the following reasons, the defendant's motion must be denied.

### Background

On January 7, 2010, a grand jury in the Western District of Virginia returned a multi-count indictment against Palmer. Counts Two, Three, and Four charged the defendant with distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Count Five charged the defendant with possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On October 27, 2010, Palmer entered pleas of guilty to those four counts, pursuant to a written plea agreement. As permitted by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed that Palmer would receive a total term of imprisonment of 188 months. Palmer also "stipulate[d] and agree[d] that because of [his] prior criminal record [he would be] treated as a 'Career Offender' under Guideline Section 4B1.1." Plea Ag. 4, Dkt. No. 48.

Prior to sentencing, a probation officer prepared a presentence investigation report ("PSR"). In the PSR, the probation officer attributed more than 100 but less than 400 grams of heroin to the defendant. That particular drug quantity and type resulted in a base offense level of 26 under United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c) (2009). However, Palmer

was also found to qualify as a career offender under U.S.S.G. § 4B1.1. As a result of the career offender designation, the base offense level calculated under § 2D1.1 was superseded by the higher offense level determined by the career offender provision. See U.S.S.G. § 4B1.1(b) (providing that "the offense level from the table in this subsection shall apply" if it "is greater than the offense level otherwise applicable"). Application of the career offender provision ultimately resulted in a total offense level of 30, a criminal history category of VI, and an advisory guideline range of imprisonment of 168 to 210 months.

Palmer appeared for sentencing on October 27, 2010. At that time, the court adopted the probation officer's determination that Palmer qualified for sentencing under the career offender provision of the Guidelines. The court also accepted the plea agreement. The court ultimately imposed a total term of imprisonment of 188 months, as agreed to by the parties under Rule 11(c)(1)(C).

On September 17, 2015, Palmer filed a pro se motion for reduction in sentence under 18 U.S.C. § 3582(c)(2). This statute authorizes the court to reduce a defendant's term of imprisonment if the term was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Palmer relied on Amendment 782 to the Sentencing Guidelines, which reduced the base offense levels assigned to most drug quantities in § 2D1.1 by two levels. The court denied the motion, concluding that Palmer was not eligible for a sentence reduction under § 3582(c)(2).

Because Palmer was sentenced under a Rule 11(c)(1)(C) agreement, the court looked to Justice Sotomayor's concurring opinion in Freeman v. United States, 564 U.S. 522 (2011) to determine whether Palmer was eligible for relief under § 3582(c)(2). See United States v. Brown,

653 F.3d 337, 340 (4th Cir. 2011) ("Under the fragmented opinion, Justice Sotomayor's rationale becomes the Court's holding."), abrogated by Hughes v. United States, ___ U.S. ___, 138 S. Ct. 1765 (2018). "Justice Sotomayor agreed with the dissent that a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is based on the agreement and, therefore, § 3582(c)(2) relief is usually not available." Brown, 653 F.3d at 359. "However, Justice Sotomayor established an exception to this general rule – where the plea agreement itself expressly refers to and relies upon a Guidelines sentencing range." Id.; see Freeman, 564 U.S. at 534 (Sotomayor, J., concurring) ("[I]f a (C) agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is 'based on' the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)."). Because Palmer's plea agreement did not expressly reference the Guidelines in establishing the agreed-upon term of imprisonment, the court concluded that Palmer was not eligible for relief under § 3582(c)(2).

## Discussion

Palmer, through counsel, has filed a second motion for reduction of sentence pursuant to § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. Palmer asserts two primary arguments in support of his motion. First, relying on the Supreme Court's recent decision in Hughes, Palmer argues that the 188-month sentence imposed by the court was based on his guideline range of imprisonment. Second, Palmer argues that even though his guideline range was ultimately derived from the career offender provision, the drug quantity provisions of the Sentencing Guidelines were nonetheless part of the framework that the court considered in imposing his sentence. For the following reasons, the court concludes that although Palmer's calculated guideline range of 168 to 210 months was a basis for the sentence imposed by the court,

3

he is not eligible for relief under § 3582(c)(2) since that range has not been lowered by the Sentencing Commission.

Palmer's motion is based entirely on the Supreme Court's recent decision in Hughes. In that case, the Court "resolve[d] the uncertainty that resulted from [its] divided decision in Freeman," and held that a sentence imposed pursuant to a Rule 11(c)(1)(C) agreement "is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." Hughes, 138 S. Ct. at 1775. In reaching its decision, the Supreme Court emphasized that "[t]he Sentencing Reform Act requires a district court to calculate and consider a defendant's Guidelines range in every case," Id. (citing 18 U.S.C. § 3553(a)), and that "[t]he Sentencing Guidelines prohibit district courts from accepting [Rule 11(c)(1)(C)] agreements without first evaluating the recommended sentence in light of the defendant's Guidelines range," Id. at 1776 (citing U.S.S.G. § 6B1.2(c)). Consequently, "in the usual case the court's acceptance of a Type-C agreement and the sentence to be imposed pursuant to that agreement are 'based on' the defendant's Guidelines range." Id. In the case before it, the district court "calculated Hughes' sentencing range and imposed a sentence that the court deemed 'compatible' with the Guidelines." Id. at 1778. "Thus, the sentencing range was a basis for the sentence" that the district court imposed. Id. Because "[t]hat range ha[d] 'subsequently been lowered by the Sentencing Commission'" through Amendment 782, the Supreme Court concluded that Hughes was eligible for relief under § 3582(c)(2).

Consistent with the Supreme Court's reasoning in Hughes, the court concludes that Palmer's sentencing range under the advisory Guidelines was a basis for the term of imprisonment imposed in his case. In the statement of reasons accompanying the judgment, the court determined that Palmer was subject to a guideline range of imprisonment of 168 to 210 months,

4

and the court expressly noted that Palmer's 188-month sentence was "within [the] advisory guideline range." Statement of Reasons 1-2, Dkt. No. 52. Thus, Palmer's guideline range was part of the framework that the court considered in determining an appropriate sentence, and his sentence was therefore "based on" that range. Hughes, 138 S. Ct. at 1775. The mere fact that the parties agreed to a particular sentence under Rule 11(c)(1)(C) without referencing the Guidelines does not preclude Palmer from seeking relief under § 3582(c)(2). Id. at 1774–78.

Unfortunately for Palmer, however, that does not end the matter. As indicated above, § 3582(c)(2) authorizes the court to reduce a defendant's sentence only if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). For the following reasons, the court concludes that neither statutory requirement is satisfied in the instant case.

First, unlike Hughes, the sentencing range calculated under the Guidelines in the instant case has not been subsequently lowered by the Sentencing Commission. As noted above, Palmer was designated as a career offender under U.S.S.G. § 4B1.1. Because of that designation, Palmer's offense level and resulting sentencing range were derived from the career offender table in § 4B1.1, rather than the drug quantity table in § 2D1.1. Amendment 782, on which Palmer now relies, "did not lower the offense levels applicable to career offenders" in § 4B1.1. United States v. Akers, 892 F.3d 432, 434 (D.C. Cir. 2018). Instead, "it impacted only offense levels calculated under the drug trafficking guideline, U.S.S.G. § 2D1.1." Id.; see also United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014) ("Amendment 782 amended § 2D1.1. It did not lower the sentencing range established for a career offender by § 4B1.1."). As a result of Palmer's career

offender designation, § 2D1.1 ultimately "played no role in determining [his] sentencing range." Akers, 892 F.3d at 434. Consequently, Palmer is not eligible for a reduction under § 3582(c)(2), since the "sentencing range" on which his term of imprisonment was based was not "subsequently ... lowered" by Amendment 782. 18 U.S.C. § 3582(c)(2); see also United States v. Dean, 699 F. App'x 173 (4th Cir. 2017) ("[W]e conclude that Dean is not entitled to relief because he was sentenced as a career offender, and the career offender Guideline was not impacted by Amendment 782."); United States v. Sanders, 633 F. App'x 129, 130 (4th Cir. 2016) ("At sentencing, the district court adopted the presentence report and found that Sanders was a career offender. Applying Amendment 782, her advisory Guidelines range based on her career offender status has not changed. Because the Sentencing Commission has not lowered the range, a reduction under 18 U.S.C. § 3582(c)(2) is not authorized.").

Second, even if the court were to accept the argument that Palmer's "drug weight guideline range was ... part of the framework the district court relied on in imposing [his] sentence," Def.'s Mot. to Reduce Sentence 3 (internal quotation marks omitted), Palmer is unable to satisfy the second requirement under § 3582(c)(2), since a sentence reduction would not be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The "applicable policy statements" are those found in U.S.S.G. § 1B1.10. Dillon v. United States, 560 U.S. 817, 826 (2010). "A reduction is not consistent with applicable policy statements and therefore not authorized under § 3582(c)(2) if 'an amendment listed in [U.S.S.G. § 1B1.10(d)] does not have the effect of lowering the defendant's applicable guideline range.'" United States v. Nickens, 668 F. App'x 20, 21 (4th Cir. 2016) (quoting U.S.S.G. § 1B1.10(a)(2)(B)). "To determine whether a particular amendment has that effect, the sentencing court must 'substitute only the amendments' rendered retroactive by the Commission and 'leave all other guideline

application decisions unaffected.'" United States v. Williams, 808 F.3d 253, 257 (4th Cir. 2015) (quoting U.S.S.G. § 1B1.10(b)(1)). If "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline . . . provision," a reduction in the defendant's term of imprisonment "is not consistent with [the applicable] policy statement" and "is not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10 app. n. 1(A).

In this case, Palmer concedes that his guideline range remains the same after application of Amendment 782, since he was determined to be a career offender. See Def.'s Mot. to Reduce Sentence 4, Dkt. No. 68 (acknowledging that the "career offender enhancement determined at the time of his sentencing would still apply because the Court is not authorized to reconsider this enhancement at this time, and therefore Mr. Palmer's total offense level would not change"). It necessarily follows that a sentence reduction would not be consistent with the relevant policy statements, since Amendment 782 "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); see also Akers, 892 F.3d at 434 ("Because Amendment 782 does not lower the career-offender range, a sentence reduction would be inconsistent with the above policy statement."); United States v. Hall, 627 F. App'x 266 (4th Cir. 2016) ("[B]ecause Hall was sentenced as a career offender . . . , Amendment 782 did not lower his applicable Guidelines range, and he is therefore not eligible for a sentence reduction.").

In short, the Supreme Court's decision in Hughes does not affect the outcome here. Although Hughes established that Rule 11(c)(1)(C) plea agreements are often based on the defendant's guideline range for purposes of a § 3582(c)(2) motion, it did not change the requirement that the defendant's sentence must be "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Nor did it

alter the requirement that a reduction must be "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Because Amendment 782 did not have the effect of lowering the defendant's applicable guideline range as a career offender, "he is not eligible for the requested sentence modification under § 3582(c)(2)." United States v. Gilchrist, 752 F. App'x 681, 682 (10th Cir. 2019) (decided post-Hughes); see also United States v. Young, No. 18-7275, 2019 U.S. App. LEXIS 17377, at *3 (4th Cir. June 11, 2019) (emphasizing that Amendment 782 had no effect on the applicable guideline range in the defendant's case since it "did not change the career offender enhancement in U.S.S.G. § 4B1.1," and that "other circuit courts have rejected similar arguments post-Hughes") (citing Akers, 892 F.3d at 434).

## Conclusion

For all of these reasons, the court concludes that the defendant is not eligible for a sentence reduction under § 3582(c)(2). Accordingly, the defendant's motion must be denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 12th day of August, 2019.

_____
Senior United States District Judge